UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAILEE GALANTE,
*on behalf of herself and all other employees similarly situated,*

                            *Plaintiff,*

v.

**WATERMARK SERVICES IV, LLC**

                            *Defendant.*

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Civil Action No.
No. 23-cv-

Plaintiff Kailee Galante ("Plaintiff"), on behalf of herself and all other persons similarly situated, (collectively "Plaintiffs"), through her attorney Cordello Law PLLC brings this class action complaint against Defendant Watermark Services IV LLC, ("Watermark" or "Defendant").

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation, injunctive relief, declaratory relief and other damages for Plaintiff and similar hourly workers including but not limited to: maintenance workers, housekeepers, servers, security personnel, dishwashers, cooks, and activity coordinators (collectively "Manual Workers") who work or have worked as Manual Workers for Watermark in New York State.

2. Plaintiff Kailee Galante works as maintenance person and housekeeper at Watermark's location in Greece, New York. Throughout her employment, Plaintiff and all other hourly-paid workers at Watermark spent more than 25% of their time performing duties that were physical in nature and were therefore "manual workers" under the New York Labor Law ("NYLL").

3. In 1967, the New York State legislature amended NYLL § 198 to impose "stronger actions" in the form of liquidated damages to compel employers to comply with the requirements of Article 6 of the NYLL, including the frequency of payment requirements set forth in Section

191 of the NYLL. These "stronger actions" serve to "compensate the employee for the loss of the use of money to which he [or she] was entitled," as is the case with late wage payments, because an employee loses "the use of money [when] he or she is never paid, partially paid, or paid late." *Vega v. CM & Assocs. Constr. Mgt.*, 175 A.D.3d 1144, 1146 n. 2 (1st Dep't 2019)(citation omitted). This concept is not new. For decades, the United States Supreme Court has likewise interpreted the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on which the NYLL is based, as entitling employees to recover liquidated damages "regardless of whether an employee has been paid wages owed before the commencement of the action." Id. (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

4. Defendant violated Section 191 of the NYLL by paying its Manual Workers' wages on a biweekly basis. As "manual workers" within the meaning of the NYLL, they should have been paid "weekly and not later than seven calendar days after the end of the week the[ir] wages are earned." N.Y. Lab. L. § 191(1)(a)(i).

5. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other Manual Workers.

6. Headquartered in Tucson, Arizona, Defendant owns and operates various senior living communities throughout the nation including twelve in New York State.

7. At all relevant times Defendant has compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

8. Plaintiff brings this action on behalf of herself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, § 191.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because the amount in controversy against Defendant exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

10. There are over 100 members in proposed class.

11. Defendant operates and does business in New York State and is subject to personal jurisdiction in this Court.

12. This Court also has supplemental jurisdiction over Plaintiff's claim under NYLL pursuant to 28 U.S.C. § 1367.

## THE PARTIES

A.   **Plaintiff**

**Kailee Galante**

13. Kailee Galante has been employed by Watermark as a housekeeper and maintenance person from on or about July 17, 2019 to present date.

14. During her employment, Ms. Galante has worked for Defendant in the community located at Legacy Park Crescent, Greece, New York 14616.

15. During her employment, over twenty-five percent of Ms. Galante's duties were physical tasks, including but not limited to: performing repairs in residents' units, operating floor and carpet cleaning machines, moving furniture, receiving and storing deliveries, pushing residents in wheel chairs, dusting, vacuuming, mopping, plunging toilets and changing lightbulbs.

16. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Ms. Galante has been compensated by Defendant on a bi-weekly basis.

17. For example, for the week beginning March 26, 2023 and ending April 8, 2023, Ms. Galante was paid her lawfully earned wages on April 14, 2023. *See* **Exhibit A**, Galante Paystub.

18. In this regard, Defendant failed to Ms. Galante her wages earned from March 26, 2023 through April 1, 2023 by April 8, 2023 as required by NYLL § 191 (1)(a).

**B.   Class Members**

19. As described in more detail below, Class Members, Plaintiffs or Manual Workers are those employees of Defendant from April 26, 2017 to the date of judgment who are similarly situated to the Named Plaintiff in that they were compensated on a bi-weekly basis and worked for Defendant in one of its 12 locations in New York State.

**C.   Watermark Services IV, LLC**

20. At all times relevant hereto, Plaintiffs were "employees" of Defendant as defined by the NYLL, § 651 and the FLSA, 29 U.S.C. §203(d).

21. At all times relevant hereto, Defendant is an "employer[s]" as defined in the NYLL, § 651, and the FLSA, 29 U.S.C. §203(d).

22. Defendant Watermark Services IV, LLC is a foreign business corporation organized and existing under the laws of Delaware.

23. Defendant's principal executive office is located 2020 West Rudasill Rd, Tucson, Arizona 85704.

24. Defendant owns and operates senior living communities throughout the nation including 12 communities in New York State.

25. Defendant's employees are engaged in interstate commerce, and their annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

26. During the course of their employment by Defendant, Plaintiffs handled goods,

including equipment and food products that moved in interstate commerce.

## NEW YORK CLASS ACTION ALLEGATIONS

27. The NYLL claim is properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

28. The Rule 23 class consists of the following:

> All persons who work or have worked as Manual Workers for Watermark Services IV, LLC in New York between April 26, 2017 and the date of final judgment in this matter (the "New York Class").

29. The number of putative class members is over 100.

30. Plaintiff's claims are typical of the those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

31. Common issue of law and fact predominate in this action because resolution of which to resolve a significant aspect of this litigation in one stroke including, but are not limited to, the following:

- Whether Defendant compensated Plaintiff and the New York Class on a timely basis.

32. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each member of the New York Class.

33. Further, there are no known conflicts of interest between the Plaintiff and the New York Class Members. Moreover, the Plaintiff will adequately represent the interests of the class

members because she is similarly situated to the New York Class members.

34. Class Counsel, Cordello Law PLLC is qualified and able to litigate the Plaintiffs' claims.

35. The Class Counsel concentrates its practice in employment litigation and is experienced in class actions arising under wage and hour laws.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

## COUNT I

### Violation of the New York Labor Law § 191 - Frequency of Payments

37. Defendant is an employer that is subject to and must abide by the frequency of payments provisions of the NYLL.

38. Defendant paid Plaintiff and the New York Class on a biweekly basis.

39. In the last six years, Plaintiff and the New York Class spent more than 25% of their working time performing work tasks of a physical nature.

40. Plaintiff and the New York Rule Class are "manual workers" within the meaning of NYLL § 191(1)(a)(i).

41. By paying Plaintiff and the New York Class on a biweekly basis, Defendant paid Plaintiff and the New York Class their wages due "later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. §191(1)(a).  Defendant violated the

NYLL by failing to compensate Plaintiff and the New York Class consistent with the minimum wage provisions.

42. Because Defendant failed to pay Plaintiff and the New York Class on a weekly basis, they are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the New York Class pray for judgment against Defendant as follows:

(a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

(c) An order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violation;

(d) Liquidated damages permitted by law pursuant to the NYLL;

(e) An award of reasonable attorneys' fees and costs;

(f) An award of pre- and post-judgment interest; and

(g) Such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: April 26, 2023

                                                    CORDELLO LAW PLLC

                                      By: _____
                                                 Justin M. Cordello, Esq.
                                                 *Attorney for Plaintiffs*
                                                 200 Anderson Avenue
                                                 Rochester, New York 14607
                                                 Telephone: (585) 967-7707
                                                 justin@cordellolaw.com

# EXHIBIT A

# CERIDIAN

**Employer Name:** Watermark Services IV LLC
**Employer Phone:** 520-797-4000
**Employer Address:** 2020 W Rudasill Rd, Tucson, AZ 85704

**Employee Name:** Kailee J Galante
**Employee #:** 0200950697
**Employee Address:** 21 pollard Avenue, Rochester, NY 14612
**Department:** 1L MAINTENANCE
**Job Title:** Maintenance Associate
**Site:** Legacy at Park Crescent

**Pay Date:** 4/14/2023
**Pay Period:** 3/26/2023 - 4/8/2023
**Deposit Advice #:** 503477220
**Pay Frequency:** Bi-Weekly
**Pay Rate:** 18.5000
**Federal Filing Status:** Single
**Federal Exemptions:** 0/$0.00
**State Filing Status:** Single (NY)
**State Exemptions:** 0 (NY)

| | Current 3/26/2023 - 4/8/2023 | | | YTD As of 4/8/2023 | |
|---|---|---|---|---|---|
| | Hours/Units | Rate | Amount | Hours/Units | Amount |
| **Earnings** | 80.03 | | $1,481.39 | 659.19 | $12,200.58 |
| Regular | 79.95 | 18.5000 | $1,479.08 | 514.07 | $9,510.22 |
| Overtime 1.5 | 0.08 | 27.7500 | $2.31 | 0.62 | $17.11 |
| Sick | | | | 24.00 | $444.00 |
| Holiday Pay | | | | 22.50 | $416.25 |
| Vacation | | | | 98.00 | $1,813.00 |
| **Taxes** | | | $325.84 | | $2,696.17 |
| Fed W/H | | | $145.07 | | $1,202.52 |
| FICA EE | | | $91.85 | | $756.44 |
| Fed MWT EE | | | $21.48 | | $176.91 |
| NY W/H | | | $59.50 | | $495.19 |
| NY DT EE | | | $1.20 | | $9.60 |
| NY FLI | | | $6.74 | | $55.51 |

| | Routing # | Account # | Amount | | Amount |
|---|---|---|---|---|---|
| **Net Pay** | | | | | $9,504.41 |
| Direct Deposit | 222371863 | XXXXXX8109 | $1,155.55 | | $1,155.55 |

## Accruals & Balances

| | | |
|---|---|---|
| Sick Hours Balance: | 32.32 Hours | Sick Hours Accrued: 2.67 Hours |
| Vacation Hours Balance: | 20.76 Hours | Vacation Hours Accrued: 3.08 Hours |