**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**KAILEE GALANTE,**
*on behalf of herself and all other employees similarly*
*situated,*

*Plaintiff,*

v.

**WATERMARK SERVICES IV, LLC**

*Defendant.*

**AMENDED CLASS ACTION**
**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**Civil Action No.**
**No. 23-cv-6227-FPG**

Plaintiff Kailee Galante ("Plaintiff"), on behalf of herself and all other persons similarly

situated, (collectively "Plaintiffs"), through her attorney Justin M. Cordello, Esq., Cordello Law

PLLC brings this class action complaint against Defendant Watermark Services IV LLC,

("Watermark" or "Defendant").

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation, injunctive relief,

declaratory relief and other damages for Plaintiff and similar hourly workers including but not

limited to: maintenance workers, housekeepers, servers, security personnel, dishwashers, cooks,

and activity coordinators (collectively "Manual Workers") who work or have worked as Manual

Workers for Watermark in New York State in the last six years. In addition, Ms. Galante now

amends the Complaint to seeks damages related to her retaliatory termination by Defendant two

weeks after this matter was originally filed with the Court.

2. Plaintiff Kailee Galante worked as maintenance person and housekeeper at Watermark's

location in Greece, New York from July 17, 2019 through May 10, 2023. Throughout her

employment, Plaintiff and all other Manual Workers at Watermark spent more than 25% of their

time performing duties that were physical in nature and are therefore "manual workers" under the

New York Labor Law ("NYLL").

3. In 1967, the New York State legislature amended NYLL § 198 to impose "stronger actions" in the form of liquidated damages to compel employers to comply with the requirements of Article 6 of the NYLL, including the frequency of payment requirements set forth in Section 191 of the NYLL. These "stronger actions" serve to "compensate the employee for the loss of the use of money to which he [or she] was entitled," as is the case with late wage payments, because an employee loses "the use of money [when] he or she is never paid, partially paid, or paid late." *See Vega v. CM & Assocs. Constr. Mgt.*, 175 A.D.3d 1144, 1146 n. 2 (1st Dep't 2019)(citation omitted). This concept is not new. For decades, the United States Supreme Court has likewise interpreted the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on which the NYLL is based, as entitling employees to recover liquidated damages "regardless of whether an employee has been paid wages owed before the commencement of the action." Id. (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

4. Defendant violated Section 191 of the NYLL by paying its Manual Workers' wages on a biweekly basis. As "manual workers" within the meaning of the NYLL, they should have been paid "weekly and not later than seven calendar days after the end of the week the[ir] wages are earned." N.Y. Lab. L. § 191(1)(a)(i).

5. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other Manual Workers.

6. Plaintiff and the Manual Workers forwent the opportunity to invest or otherwise use the money to which they were legally entitled.

7. Headquartered in Tucson, Arizona, Defendant owns and operates various senior living communities throughout the nation including twelve in New York State.

8. At all relevant times Defendant has compensated Plaintiff and all other Manual Workers on a bi-weekly basis. Defendant applies the same employment policies, practices and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to the frequency of the payment of wages.

9. Plaintiff brings this action on behalf of herself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, § 191. In addition, Plaintiff bring her retaliation claim and seeks damages including lost wages and benefits pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and NYLL § 215.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

11. In addition, this Court has subject matter jurisdiction pursuant of this case pursuant to 29 U.S.C. §§ 215, 216(b), 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or commissions giving rise to the claims occurred in this district.

## THE PARTIES

### A.   Plaintiff

### Kailee Galante

13. Kailee Galante is a resident of the State of New York.

- 3 -

14. At all times relevant, Plaintiff was an "employee" within the meaning of NYLL §190(2) and a "manual worker" within the meaning of NYLL §190(4).

15. Kailee Galante was employed by Watermark as a housekeeper and maintenance person from on or about July 17, 2019 to May 10, 2023.

16. During her employment, Ms. Galante has worked for Defendant in the community located at Legacy Park Crescent, Greece, New York 14616.

**B.     Class Members**

17. As described in more detail below, Class Members, Plaintiffs or Manual Workers are those employees of Defendant from April 26, 2017 to the date of judgment who are similarly situated to the Named Plaintiff in that they were compensated on a bi-weekly basis and worked for Defendant in one of its 12 locations in New York State.

**C.     Watermark Services IV, LLC**

18. At all times relevant hereto, Plaintiffs were "employees" of Defendant as defined by the NYLL, § 651 and the FLSA, 29 U.S.C. §203(d).

19. At all times relevant hereto, Defendant is an "employer[s]" as defined in the NYLL, §§ 651 and 190(3).

20. Defendant Watermark Services IV, LLC is a foreign business corporation organized and existing under the laws of Delaware.

21. Defendant's principal executive office is located 2020 West Rudasill Rd, Tucson, Arizona 85704.

22. Defendant owns and operates senior living communities throughout the nation including 12 communities in New York State.

23. Defendant's employees are engaged in interstate commerce, and their annual gross

volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

24. During the course of their employment by Defendant, Plaintiffs handled goods, including equipment and food products that moved in interstate commerce.

## FACTUAL ALLEGATIONS

25. Defendant operates senior living communities throughout the nation including in the State of New York.

26. Plaintiff was employed by Defendant as an hourly paid, Manual Worker who performed custodial and maintenance duties throughout her employment.

27. Defendant failed to pay Plaintiff and similarly situated custodial workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendant paid Plaintiff and Manual Workers on a bi-weekly basis pursuant to its payroll policy in violation of NYLL § 191.

28. During her employment, over twenty-five percent of Ms. Galante's duties were physical tasks, including but not limited to: performing repairs in residents' units, operating floor and carpet cleaning machines, moving furniture, receiving and storing deliveries, pushing residents in wheel chairs, dusting, vacuuming, mopping, plunging toilets and changing lightbulbs.

29. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Ms. Galante has been compensated by Defendant on a bi-weekly basis.

30. For example, for the week beginning March 26, 2023 and ending April 8, 2023, Ms. Galante was paid her lawfully earned wages on April 14, 2023. *See* Exhibit A, Galante Paystub.

31. In this regard, Defendant failed to Ms. Galante her wages earned from March 26, 2023 through April 1, 2023 by April 8, 2023 as required by NYLL § 191 (1)(a).

## Defendant's Retaliatory Termination of Plaintiff Galante's Employment

- 5 -

32. Plaintiff Galante originally filed this action on April 27, 2023 and was currently employed by Defendant at that time.    Throughout her nearly four years of employment with Defendant, Plaintiff was an exemplary employee and was promoted to become one of the first female employees to ever hold the position of maintenance person.  Plaintiff took great pride in her work and role with Defendant and at the time of her termination was earning $18.50 an hour.

33. On April 27, 2023 Plaintiff filed this action against Defendant electronically via the Court's PACER system. *See* Doc No. 1.

34. On May 11, 2023, Defendant presented Plaintiff with a disciplinary report discharging her employment.  *See* Exhibit B.  The disciplinary report listed serious offenses that Plaintiff allegedly committed after this action was filed with the Court.

35. Plaintiff maintains the "serious offenses" identified in Defendant's disciplinary report are not accurate.  For instance, Plaintiff Galante was not sleeping during work hours rather she was changing an electrical outlet in one of Defendant's apartment that she was tasked with remodeling for a new resident which required her to lie down on the floor for a short period of time.  With respect to the laundering of her work smocks using Defendant's equipment that is a common practice by Defendant's employees. Finally, with respect to working off the clock, Plaintiff admits that she did come in on her day off to organize her workspace as her department was understaffed and she was swamped with work orders.

36. Since being terminated by Defendant, two weeks after filing this action, Plaintiff has been unable to find regular work with benefits and is struggling to keep her home and meet her basic needs.  Plaintiff essentially lives paycheck to paycheck and earned a modest income while employed by Defendant.

37. Plaintiff Galante engaged in protected activity under NYLL § 215 and FLSA § 215 by

filing this action seeking damages associated with Defendant's payroll practices.

38. In retaliation for Plaintiff Galante's filing of this action, Defendant retaliated against her by terminating her employment in violation of NYLL § 215 and FLSA § 215. The reasons proffered by Defendant for Plaintiff Galante's termination are not legitimate rather they are pretextual.

## RULE 23 CLASS ACTION ALLEGATIONS

39. The NYLL claim is properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

40. The Rule 23 class consists of the following:

> All persons who work or have worked as Manual Workers for Watermark Services IV, LLC in New York between April 26, 2017 and the date of final judgment in this matter (the "New York Class").

41. The number of putative class members is over 100.

42. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of for each Class Member may also be determinable from Defendant' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

43. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions. Defendant failed to pay Plaintiff and Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." All the Class Members were subject to the same corporate practices

of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each Class Members. Plaintiff and other Class Members sustain similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

44. Common issue of law and fact predominate in this action because resolution of which to resolve a significant aspect of this litigation in one stroke including, but are not limited to, the following:

- Whether Defendant compensated Plaintiff and the New York Class on a timely basis.

45. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each member of the New York Class.

46. Further, there are no known conflicts of interest between the Plaintiff and the New York Class Members. Moreover, the Plaintiff will adequately represent the interests of the class members because she is similarly situated to the New York Class members.

47. Class Counsel, Cordello Law PLLC is qualified and able to litigate the Plaintiffs' claims.

48. The Class Counsel concentrates its practice in employment litigation and is experienced in class actions arising under wage and hour laws.

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a

- 8 -

corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

50. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

51. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## COUNT I

### Violation of the New York Labor Law § 191 - Frequency of Payments

52. Defendant is an employer that is subject to and must abide by the frequency of payments provisions of the NYLL.

53. Defendant paid Plaintiff and the New York Class on a biweekly basis.

54. In the last six years, Plaintiff and the New York Class spent more than 25% of their working time performing work tasks of a physical nature.

55. Plaintiff and the New York Rule Class are "manual workers" within the meaning of NYLL § 191(1)(a)(i).

- 9 -

56. By paying Plaintiff and the New York Class on a biweekly basis, Defendant paid Plaintiff and the New York Class their wages due "later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. §191(1)(a). Defendant violated the NYLL by failing to compensate Plaintiff and the New York Class consistent with the minimum wage provisions.

57. Because Defendant failed to pay Plaintiff and the New York Class on a weekly basis, they are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint.

## COUNT II

### New York Labor Law §215 – Retaliation

58. Plaintiff Galante repeats and realleges all forgoing paragraphs as if set forth herein.

59. NYLL § 215(1)(a) prohibits an employer from discharging, penalizing or "in any other manner" retaliating against an employee "because such employee has made a complaint to his or her employer . . . that the employer has violated any provision of this chapter."

60. Plaintiff Galante is an "employee" within the meaning of NYLL § 215 and applicable regulations.

61. Defendant is an "employers" and "agents" within the meaning of the NYLL §§ 215, and 651 and applicable regulations.

62. A notice of this action/claim was provided to the New York State Attorney General pursuant to the NYLL § 215 upon the filing of this Amended Complaint.

63. Defendant discharged, penalized, or otherwise retaliated against plaintiff Galante's employment in violation of the NYLL § 215 for engaging in protected activity, such as opposing

- 10 -

and complaining in good faith about defendant's illegal pay practices.

64. Defendant's labor law violations have caused and proximately caused plaintiff Galante to suffer damages including lost wages.

65. Plaintiff Galante is entitled to recover from Defendant all available damages, including her lost wages, maximum liquidated damages, other damages, and attorneys' fees and costs of the action pursuant to NYLL § 215.

## COUNT III

### Fair Labor Standards Act – Retaliation

66. Plaintiff Galante repeats and realleges all forgoing paragraphs as if set forth herein.

67. The FLSA, 29 U.S.C. § 215(a), prohibits "any person" from discharging or "in any other manner" discriminating against "any employee because such employee has filed any complaint . . . under or related to this Act."

68. Plaintiff Galante is an "employee" within the meaning of the section 215 of the FLSA.

69. Defendant is "any person" within the meaning of the section 215.

70. Defendant discharged and discriminated against plaintiff Galante's employment in retaliation for engaging in protected activity, such as opposing and complaining in good faith about Defendant's illegal pay practices.

71. Defendant's labor law violation have caused and proximately caused plaintiff Galante to suffer damages.

72. Plaintiff Galante is entitled to recover from Defendant all available damages, including her lost wages, maximum liquidated damages, punitive damages, and attorneys' fees and costs of the action pursuant to section 215 of the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the New York Class pray for judgment against Defendant as

follows:

(a)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)    Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

(c)    An order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violation;

(d)    Declaring Defendant's violations of the FLSA and NYLL were willful;

(e)    Declaring Defendant's unlawfully retaliated against plaintiff Galante;

(f)    Liquidated damages permitted by law pursuant to the NYLL and FLSA;

(g)    An award of reasonable attorneys' fees and costs;

(h)    An award of pre- and post-judgment interest; and

(i)    Such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: June 28, 2023

**CORDELLO LAW PLLC**

By: _____

Justin M. Cordello, Esq.
*Attorney for Plaintiffs*
200 Anderson Avenue
Rochester, New York 14607
Telephone: (585) 967-7707
justin@cordellolaw.com

## CERTIFICATE OF SERVICE

I certify that on June 28, 2023, Plaintiff's Amended Complaint was filed electronically using the Court's CM/ECF system, which will send electronic notification to all registered users that have filed a notice of appearance in this case.

/s/ Justin M. Cordello
Justin M. Cordello

# EXHIBIT A

# CERIDIAN

**Employer Name:** Watermark Services IV LLC
2020 W Rudasill Rd
Tucson, AZ 85704

**Employer Phone:**

| | |
|---|---|
| Employee Name: | Kailee J Galante |
| Employee #: | 0200950697 |
| Employee Address: | 21 polland Avenue, Rochester, NY 14612 |
| Department: | IL MAINTENANCE |
| Job Title: | Maintenance Associate |
| Site: | Legacy at Park Crescent |

| | |
|---|---|
| Pay Date: | 4/14/2023 |
| Pay Period: | 3/26/2023-4/8/2023 |
| Deposit Advice #: | 603477220 |
| Pay Frequency: | Bi-Weekly |
| Pay Rate: | 18.5000 |
| Federal Filing Status: | Single |
| Federal Exemptions: | 0/$0.00 |
| State Filing Status: | Single (NY) |
| State Exemptions: | 0 (NY) |

## Earnings

| | Current 3/26/2023 - 4/8/2023 | | | YTD As of 4/8/2023 | |
|---|---|---|---|---|---|
| | Hours/Units | Rate | Amount | Hours/Units | Amount |
| Regular | 80.03 | 18.5000 | $1,481.39 | 659.19 | $12,200.58 |
| Overtime 1.5 | 79.95 | 27.7500 | $1,479.08 | 514.07 | $9,510.22 |
| Sick | 0.08 | | $2.31 | 0.62 | $17.11 |
| Holiday Pay | | | | 24.00 | $444.00 |
| Vacation | | | | 22.50 | $416.25 |
| | | | | 98.00 | $1,813.00 |

## Taxes

| | Amount | | Amount |
|---|---|---|---|
| Fed W/H | $325.84 | | $2,696.17 |
| FICA EE | $145.07 | | $1,202.52 |
| Fed MWT EE | $91.85 | | $756.44 |
| NY W/H | $21.48 | | $176.91 |
| NY DT EE | $59.50 | | $495.19 |
| NY FLT | $1.20 | | $9.60 |
| | $6.74 | | $55.51 |

## Net Pay

| | | Amount | Amount |
|---|---|---|---|
| | | $1,155.55 | $9,504.41 |
| Direct Deposit | Routing # 222371863 | Account # XXXXXX8109 | $1,155.55 |

## Accruals & Balances

| | | |
|---|---|---|
| Sick Hours Balance: | 32.32 Hours | Sick Hours Accrued: 2.67 Hours |
| Vacation Hours Balance: | 20.76 Hours | Vacation Hours Accrued: 3.08 Hours |

# EXHIBIT B



**WATERMARK**
RETIREMENT COMMUNITIES

Human Resources
*Associate Disciplinary Report*

Associate Name: Kailee Galante    Associates Department: Maintenance    Hire Date: 07 / 19 / 19

Associates Job Title: Maintenance Associate    Community/Agency/Office: Legacy at Park Cresc    Supervisor: Ryan Gisonti

Date of Infraction: 04 / 28 / 23 ar    Number of Written Counseling's within previous 12 months ___

### FOR ATTENDANCE DISCIPLINE ONLY:

Most recent level of Attendance Disciplinary Action Issued:

☐ None   ☐ Oral Counseling   ☐ Written Counseling 1st _____ or 2nd _____ or 3rd _____

**Type of Current Disciplinary Action** (Please "X" the appropriate box):

☐ Oral Counseling          ☐ Investigatory Suspension

☐ Written Counseling       ☐ Attendance Suspension

■ Discharge

**Specific Reasons for Disciplinary Action** (Use additional pages if necessary)

Serious offenses that warrant immediate termination.

1. Working off the clock and on a day when not authorized to work. On/about April 29, 2023, you reported to the community when you were not scheduled to work. When asked, you stated you were engaged in work-related activities, such as "organizing the office".

2. Misuse of Watermark property. On/about May 1, 2023, you used Watermark equipment to launder personal laundry without authorization. Although the items you identified were smocks provided by the community, the community did not require you to utilize the smocks, especially after you transferred from housekeeping to maintenance.

3. Sleeping during work hours. On/about May 5, 2023, another associate observed you sleeping on the floor of an empty apartment when the associate entered on three separate incidents. In two of the incidents, you are described as in the main room of the apartment, laying on the floor on your back with knees raised and eyes closed. In one of the incidents, you are described as in the bedroom area of the apartment, laying on the floor, face down and not moving.

**Original to be retained in Associate's Personnel File**
**Copy to Associate**



Signature of Supervisor Presenting ADR

5 / 11 / 3
Date Presented

Signature of Witness if Written Counseling or Discharge

/ /
Date Signed

Signature of Discharge Authority if Discharge Occurs

5 / 10 /
Date Reviewed

**Original to be retained in Associate's Personnel File**
**Copy to Associate**

WRC-HR-F010                                   Page 2 of 3                         © Watermark – Rev.

**Corrective Plan of Action** (Include time frames and use additional pages if necessary)

Termination.

According to Watermark's Disciplinary Procedures, an Associate may be terminated without any prior Informal, Oral or Written Counseling being issued if the Associate commits a serious offense.

The above offenses are serious offenses that warrant immediate termination.