**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KAILEE GALANTE,**
*on behalf of herself all others similarly situated,*

                                *Plaintiff,*

       v.

**WATERMARK SERVICES IV, LLC,**

                                *Defendant.*

**No.: 23 Civ. 6227-FPG-MWP**

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR RECONSIDERATION

CORDELLO LAW PLLC
Justin M. Cordello
200 Anderson Avenue
Rochester, New York 14607
Telephone: (585) 967-7707

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES**................................................................................................iii

**PRELIMINARY STATEMENT** ...................................................................................... 1

**LEGAL STANDARD**......................................................................................................... 2

**ARGUMENT** ........................................................................................................................3

   **I.**    **NEW YORK LEGISLATURE HAS CONFIRMED THERE IS A PRIVATE RIGHT OF ACTION FOR VIOLATIONS OF NYLL § 191(1)(a)**...…………………3

   **II.**   **EVERY FEDERAL COURT HAS FAILED TO ENDORSE** *GRANT* ………………5

   **III.** **THE ORDER OVERLOOKED WELL SETTLED SECOND CIRCUIT CASELAW REGARDING LIQUIDATED DAMAGES**...……………………………………...8

   **IV.** **THE ORDER OVERLOOKED NYLL § 191(2)**…………………………………...9

   **V.** **THE ORDER MISCONSTRUED NYLL AMENDMENTS**……………………...9

**CONCLUSION**…………………………………………………………………...10

## <u>TABLE OF AUTHORITIES</u>

### <u>C</u><u>ASES</u>

*Bazinett v. Pregis LLC*,
1:23-cv-790 (MAD/ML)(N.D.N.Y. Mar. 14, 2024)(D'Agostino, J.)……………………………5, 7

*Boyde v. Osbourne*,
2013 WL 6662862 at *2 (W.D.N.Y. Dec. 16, 2023)……………………………………………...3

*Covington v. Childtime Childcare, Inc.*
No. 23 Civ 710 (BKS/MJK). 2024 WL 2923702 (N.D.N.Y. Jun 10, 2024)(Sannes, J.)……........5, 8

*Crichlow v. Fischer*,
309 F. Supp. 3d 14, 15-16 (W.D.N.Y. 2018)……………………………………………………..2

*Gamboa v. Regeneron Pharm., Inc*.,
2024 WL 815253, 22-cv-10605 (KMK)(S.D.N.Y. Feb. 27, 2024)(Karas, J.)………………...passim

*Garcia v. Sketchers USA Retail, LLC*,
2024 U.S. Dist. LEXIS 46109; 23-cv-1055 (PKC)(JAM) (E.D.N.Y. Mar. 15, 2024)(Chen,J.)….5, 7

*Gottlieb v. Kenneth D. Laub & Co.*,
82 N.Y.2d 457 (1993)……………………………………………………………………………10

*Grant v. Global Aircraft Dispatch, Inc*.,
223 A.D.3d 712, 714-20 (2d Dep't 2024)……………………………………………………passim

*Fersel v Paramount Med. Servs., P.C*.,
2022 US Dist. LEXIS 195010, Civ 18-cv-2448(AMD)(RML)(E.D.N.Y. Oct. 26, 2022)(Donnelly, J.)……………………………………………………………………………………………...10

*Fresh Air for the Eastside, Inc. v. Waste Mgt. of N.Y., LLC*,
18-cv-6588 (W.D.N.Y. Sept. 19, 2023)…………………………………………………………3

*Levy v. Endeavor Air, Inc.*,
21-cv-4387 (ENV)(JRC)(E.D.N.Y. Mar. 29, 2024)(Vitaliano, D.J.)……………………………5, 7

*People v. Grass*,
257 A.D. 1 (1st Dep't 1939)……………………………………………………………………9

*Rana v. Islam*,
887 F.3d 118, 123 (2d Cir. 2018)…………………………………………………………………8

*Reyes v. Phillips*,
2005 WL 2173812, 2005 U.S. Dist. LEXIS 19488, at *19 (S.D.N.Y. Sept. 6, 2005)………………2

*Rodrigue v. Lowe's Home Centers, LLC*,
No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3948268 (E.D.N.Y. Aug. 27, 2021)…………………...8

*Samiento v. Flagge Contr. Inc.*,
2024 WL 806137, 22-cv-9718(VSB)(JLC)(S.D.N.Y. Feb. 27, 2024)(Cott, J.)……………………...5

*Shrader v. CSX Transp.*,
70 F.3d 255 (2d Cir. 1995)………………………………………………………………………...3

*Update Art, Inc. v. Charmin*,
110 F.R.D. 26, 35-36 (S.D.N.Y. 1986)…………………………………………………………...2

*Vega v. CM & Assoc. Constr. Mgmt., LLC*,
175 A.D. 1144 (1st Dept. 2019)....................................................................................................passim

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245, 1255 (2d Cir. 1992)………………………………………………………………..2

*Zachary v. BG Retail, LLC*,
2024 WL 554174, 22 CV 10521 (VB)(S.D.N.Y. Feb. 12, 2024)(Briccetti, J.)………………..passim

## Sᴛᴀᴛᴜᴛᴇꜱ

Fed R. Civ. P. 54(b)……………………………………………………………………….2

Fed R. Civ. P. 59(e)……………………………………………………………………….2

Fed R. Civ. P.  60(b)………………………………………………………………………2

NYLL § 191(1)(a)………………………………………………………………...passim

NYLL § 191(2)…………………………………………………………………...passim

NYLL § 198…………………………………………………………………………...passim

v

## PRELIMINARY STATEMENT

The instant motion for reconsideration respectfully requests that the Court amend its March 7, 2024 Order ("Order")[1] which found, in pertinent part, that there is allegedly no private right of action for violation of New York Labor Law ("NYLL") § 191(1)(a), to conform to the clear edict of the New York State Legislature which has affirmatively stated that there is a private right of action and the overwhelming majority of New York State Court cases and every single Federal Court case but the one at bar which have also supported a private right of action.

Plainly stated, NYLL 191(1)(a) and NYLL 198 read in concert establish that there is a private right of action for violation of NYLL 191(1)(a) and that the remedy for such violation is liquidated damages.  As is well established by now, the seminal case on this issue is *Vega* in which the Court held that there are both express and implied private rights of action.  Such case was followed with virtual uniformity on both the State and Federal levels until the Second Department's decision in *Grant*.  As set forth in Plaintiff's underlying motion and below *Grant* was a poorly reasoned decision issued over a strong minority dissent.  The proof of *Grant*'s failings is that with the exception of the Order every single Federal Court decision which has considered *Vega* and *Grant* has accepted *Vega* and rejected *Grant*.

Moreover, to the extent there was any lingering ambiguity as to whether a private right of action existed in light of *Grant*, the New York State Legislature has eradicated any doubt.  More particularly, during this past year's budget negotiations New York State Governor Kathleen Hochul acknowledged that there is a private right of action for violation of NYLL 191 and first tried to remove liquidated damages and then tried to limit damages to interest.  Both of Governor Hochul's proposals were roundly rejected and ultimately NYLL 191(1)(a) and NYLL 198 remained as they

---

[1]   The Court also dismissed Plaintiff's Fair Labor Standards Act ("FLSA") retaliation cause of action 29 U.S.C. §215(a)(3).  Plaintiff is not moving for reconsideration of that claim.

were with the New York State Senate providing the following: "The Adopted Budget intentionally omits the Executive proposal to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly, as currently required under Labor Law."

Plaintiff appreciates the difficult position the Court was in in having to make a decision in light of *Vega* and in the wake of *Grant* (with the Order having been rendered in March 2024 on the heels of *Grant* in January 2024). Plaintiff further appreciates the candor the Court displayed in repeatedly expressing its hesitation in siding with *Grant*, mentioning, *inter alia*, that "the First Department's reading of the statute admittedly retains some appeal" and that "Plaintiff raises one final point that gives the Court some pause." Plaintiff simply asks that the Court now amend its order to comport with the express intent of the New York State Legislature and the overwhelming weight of case law which provide that there is a private right of action for violation of NYLL 191(1)(a).

## LEGAL STANDARD

There are two primary mechanisms by which a party may move to amend, alter or seek relief from a civil order or judgment: Fed R. Civ. P. 59(e) and Fed R. Civ. P. 60(b). Similarly, a district court always has discretion to revisit and reconsider an earlier decision where there has been a change in the law. *See* Fed R. Civ. P. 54(b).

Courts in this Circuit have found that to correct a clear error or avoid prejudice, interlocutory orders may be modified at "any time" before a final decree is entered. *See Update Art, Inc. v. Charmin*, 110 F.R.D. 26, 35-36 (S.D.N.Y. 1986); *Crichlow v. Fischer*, 309 F. Supp. 3d 14, 15-16 (W.D.N.Y. 2018) quoting *Reyes v. Phillips*, 2005 WL 2173812, 2005 U.S. Dist. LEXIS 19488, at *19 (S.D.N.Y. Sept. 6, 2005), in turn quoting *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

One basis for reconsideration is "controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Boyde v. Osbourne*, 2013 WL 6662862 at *2 (W.D.N.Y. Dec. 16, 2023), quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Recently this Court found reconsideration appropriate and upheld objections to the discovery order. *See Fresh Air for the Eastside, Inc. v. Waste Mgt. of N.Y., LLC*, 18-cv-6588 (W.D.N.Y. Sept. 19, 2022)

## ARGUMENT

## I. NEW YORK LEGISLATURE HAS CONFIRMED THERE IS A PRIVATE RIGHT OF ACTION FOR VIOLATIONS OF NYLL § 191(1)(a)

Since the Order, the Governor of New York and the New York State Legislature confirmed both that there is a private right of action for violation of NYLL § 191(1)(a) and that liquidated damages of 100% of the late payment is the appropriate remedy for violations of NYLL § 191(1)(a). *See* Exhibits A-D.[2]

During budget negotiations, the Executive's office set forth a proposed budget in which the Executive acknowledged the existence of a private right of action for violation of NYLL § 191(1)(a). In the proposal, the Executive sought to carve out an exception to the liquidated damages requirement of NYLL § 191(1)(a) where an employee was paid in accordance with agreed terms of employment, but not less frequently than semi-monthly. *See* Exhibit A, p. 68-69.

Governor Hochul's memorandum in support expressly provided that "[t]he frequency of pay provision of the Labor Law requires manual workers to be paid weekly, with some exceptions. Section 198 of the Labor Law allows for 100 percent of liquidated damages of any untimely payment of wages and has a six-year statute of limitations. This means plaintiffs who seek judicial relief after being paid on a bi-weekly schedule, instead of a weekly schedule, could be entitled to liquidated

---

[2] All Exhibits referenced herein are attached to the Affirmation of Justin M. Cordello, Esq. sworn to June 24, 2024 ("Cordello Aff.").

damages equal to six years of their wages, even if they were being paid all of their earned wages on a regular, but technically untimely, schedule." *See* Exhibit B, p. 14.

Indeed, Governor Hochul expressly mentioned *Vega* which supports both express and implied private rights of action as well as the imposition of liquidated damages. *See* Exhibit B, p. 15. After this proposal was rejected by the legislature, on or about April 13, 2024, the Governor set forth another proposal. While again recognizing a private right of action for violations of NYLL § 191(1)(a), the Governor sought to limit damages for violations of NYLL § 191(1)(a) to interest lost as the result of the late payment. *See* Exhibit C, p. 2.

This was once again rejected by the legislature. In doing so the legislature set forth its clear legislative intent to: (1) confirm the existence of a private right of action for violation of NYLL § 191(1)(a); and (2) confirm that liquidated damages of 100% of the late payment is the appropriate remedy for violations of NYLL § 191(1)(a). Ultimately, a budget agreement was passed by the Executive and both legislative chambers and the Adopted Budget Report from the New York State Senate provided the following: "The Adopted Budget intentionally omits the Executive proposal to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly, as currently required under Labor Law." *See* Exhibit D, p. 45.

The Governor and the legislature had an opportunity to modify NYLL § 191(1)(a) and clearly demonstrated their intent to uphold both a private right of action and 100% liquidated damages. This is consistent with the overwhelming majority of District Court cases since *Vega* which have resoundingly rejected *Grant*.

Accordingly, Plaintiff can now establish clear legislative intent that there is private right of action for violation of NYLL § 191(1)(a) and that liquidated damages are appropriate for such violations.

## II.   EVERY FEDERAL COURT HAS FAILED TO ENDORSE *GRANT*

To the extent *Grant* created some doubt as to whether there is a private right of action for violation of NYLL 191(1)(a) every subsequent decision that has considered *Vega* and *Grant* has consistently found in favor of *Vega* in finding both express and implied private rights of action.

Every Federal court across New York State has universally failed to affirm the *Grant* decision and instead have consistently endorsed the First Department's decision in *Vega v. CM & Assoc. Const. Mgt., LLC,* 175 A.D. 1144 (1st Dept. 2019) that there is both an express and implied private right of action for plaintiff to recover damages under NYLL § 191 and 198. *See*, *Zachary v. BG Retail, LLC,* 2024 WL 554174, 22 CV 10521 (VB)(S.D.N.Y. Feb. 12, 2024)(Briccetti, J.); *Gamboa v. Regeneron Pharm., Inc*., 2024 WL 815253, 22-cv-10605 (KMK)(S.D.N.Y. Feb. 27, 2024)(Karas, J.); *Samiento v. Flagge Contr. Inc*., 2024 WL 806137, 22-cv- 9718(VSB)(JLC)(S.D.N.Y. Feb. 27, 2024)(Cott, J.); *Bazinett v. Pregis LLC*, 1:23-cv-790 (MAD/ML)(N.D.N.Y. Mar. 14, 2024)(D'Agostino, J.); *Garcia v. Sketchers USA Retail, LLC,* 2024 U.S. Dist. LEXIS 46109; 23-cv-1055 (PKC)(JAM) (E.D.N.Y. Mar. 15, 2024)(Chen, J.); *Levy v. Endeavor Air, Inc*. 21-cv-4387 (ENV)(JRC)(E.D.N.Y. Mar. 29, 2024)(Vitaliano, D.J.)(attached as Exhibit E); *Covington v. Childtime Childcare, Inc.,* No. 23 Civ 710 (BKS/MJK). 2023 WL 2923792 (N.D.N.Y. Jun 10, 2024)(Sannes, J.).

On February 12, 2024 the Southern District of New York in *Zachary held*:

"The reasoning in *Vega* and the dissent in *Grant* persuade the [c]ourt that the Court of Appeals would likely agree with *Vega* and reject *Grant*…the plain language of [NYLL § 191] discredits the *Grant* court's view that [NYLL § 198's] enforcement mechanism is not triggered when an employer and manual worker agree to a biweekly payment schedule. [NYLL § 191(2)] provides that [n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section. A judge's belief that a manual worker should be able to agree to a different payment schedule, and that such agreement should obviate an

5

employer's liability for failing to comply with the law, does not override an overt legislative judgment to the contrary."

*See Zachary v. BG Retail, LLC,* 22 CV 10521(VB), 2024 WL 554174, at *7-8 (S.D.N.Y. Feb. 12, 2024)(Bricetti, J.).

There is no reason to believe the Court of Appeals will adopt a holding that stands in plain contravention of a clear statute. *See Zachary*, 2024 WL 554174, at * 7-8 ("the plain language of [NYLL § 191] discredits the *Grant* court's view that [NYLL § 198's] enforcement mechanism is not triggered when an employer and manual worker agree to a biweekly payment schedule. [NYLL § 191(2)] provides that [n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section").

Thereafter, on February 27, 2024, the Southern District of New York issued *Gamboa v Regeneron Pharms., Inc.*, 22-cv-10605 (KMK), 2024 US Dist. LEXIS 33585 (S.D.N.Y. Feb. 27, 2024)(Karas, J.) and *Sarmiento v Flagge Contr. Inc.,* 22-cv-10605(VSB)(JLC), 2024 US Dist. LEXIS 33492 (S.D.N.Y. Feb. 27, 2024)(Cott, J.). Like *Zachary,* before them, they found that the Court of Appeals would reject *Grant* and side with *Vega*. In *Sarmiento* the court stated "The *Zachary* court carefully analyzed the decisions in Vega and Grant and, in agreeing with *Vega*, concluded that a late wage claim under Section 191 is privately actionable 'even if that right is not expressly codified in the NYLL.'… To the extent it is necessary to reach that question, I agree with the court's analysis in *Zachary* and recommend it be followed here." *Sarmiento*, 2024 US Dist. LEXIS 33492, at *24, n 11.

Likewise, *Gamboa* contained a lengthy discussion and support of *Vega* and *Zachary*, expressly rejected *Grant*, and found in favor of express and implied private rights of action. *Gamboa,* 2024 US Dist. LEXIS 33585, at *7-16.  Indeed, *Gamboa* explicitly stated "This Court finds no reason to deviate from Zachary's well-reasoned analysis and thus concludes that the Court of Appeals is likely to apply Vega's reasoning over Grant's in resolving this issue." *Id*. at *14.  *Gamboa* rejected

the same "plain language," statutory construction and legislative history arguments Defendant raise

herein. *Gamboa* summed up its analysis by providing "Therefore, this Court joins every other district

court in the Second Circuit in adopting Vega's approach and denies Defendant's Motion to Dismiss

Plaintiffs' Section 191 claim." *Id.* at * 16

Since the Order, the Northern District of New York issued *Bazinett v. Pregis LLC*, and agreed

with the *Zachary* Court that the Court of Appeals would reject *Grant* and side with *Vega*. *See* 23 cv.

790 MAD-ML (N.D.N.Y. Mar. 14, 2024)(J. D'Agostino). In *Bazinett*, the court found that:

> Of note, *Vega* was decided September 10, 2019, and *Konkur* was decided February
> 10, 2022. Although *Konkur* concerned Labor Law § 198-b, the Court of Appeals
> discussed Labor Law article 6, specifically Labor Law § 191, but did not address or
> overrule *Vega*. The Court of Appeals silence concerning *Vega* is no conclusive
> evidence that it will never disagree with *Vega* in the future. However, the Court of
> Appeals Explicitly noted that "[w]here the legislature intended for an article 6
> provision to be enforced individually, it expressly provided a private right of action"
> "[a]nd it is Labor Law § 191 that generally regulates payment of wages by employers
> and creates reciprocal rights of employees." *Konkur*, 38 N.Y.3d at 44 (quotations
> omitted).

*See Bazinett v. Pregis LLC*, 1:23-cv-790 (MAD/ML)(N.D.N.Y. Mar. 14, 2024)(D'Agostino,

J.) at 17.

Additionally, since the Order, the Eastern District of New York issued *Garcia v. Sketchers

USA Retail, LLC,* denying defendants' motion to dismiss finding a private right of action exists under

NYLL § 191 allowing plaintiffs' claim to proceed. *See* 23-cv-1055(PKC)(JAM), 2024 U.S. Dist

LEXIS 46109, at *6 (E.D.N.Y. Mar. 15, 2024)(Chen, J.). The *Garcia* Court disagreed with *Grant*,

and instead found the reasoning of *Zachary* and *Gamboa* more persuasive and concluded the New

York Court of Appeals is likely to adopt *Vega's* reasoning. *See id*.

Moreover, since the Order the Eastern District of New York issued *Levy v. Endeavor Air,

Inc.,* and found "[defendant]'s argument is anemic. With one exception, every court within this

Circuit that has confronted the split in appellate authority has remained persuaded by Vega". 21-cv-

4387 (ENV) (JRC), (E.D.N.Y. Mar. 29, 2024)(Vitaliano, D.J.)(attached as Exhibit E);

Most recently, the Northern District in *Covington v. Childtime Childcare, Inc*., was "persuaded by the reasoning of, and the conclusion reached by, the majority of its sister courts" and predicted "that the Court of Appeals would agree with the First Department's decision in *Vega* and find that a private right of action (either express or implied) exists [to remedy violations of NYLL § 191] No. 23 Civ 710 (BKS/MJK) 2024 WL 2923702 at *5 (N.D.N.Y. Jun 10, 2024)(Sannes, J.).

Plaintiff respectfully requests this Court reconsider its Order in light of the overwhelming relevant post-*Grant* caselaw finding express private and implied rights of action exists for Plaintiff's NYLL § 191 claim.

## III.   THE ORDER OVERLOOKED WELL SETTLED SECOND CIRCUIT CASELAW REGARDING LIQUIDATED DAMAGES

In determining that no express or implied private right of action exists the Order overlooked, *inter alia*, the ruling of the Second Circuit in *Rana* that FLSA liquidated damages and NYLL liquidated damages serve the same purpose. *Rana v. Islam,* 887 F.3d 118, 123 (2d Cir. 2018). That is the Order does not mention that the purpose of liquidated damages under the FLSA is to compensate an employee for delay. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945).

Instead, the Order held that the New York Court of Appeals would interpret NYLL § 198 to be fundamentally different than its FLSA counterpart. *See* Dkt No. 28 at pg. 17-19.  *See Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3948268, at *5 (E.D.N.Y. Aug. 27, 2021) ("[defendants] do not explain why the New York Court of Appeals would give a substantially narrower reading to [NYLL § 198] than the Supreme Court gave to the [FLSA]").

Plaintiff respectfully requests that the Court reconsider its Order in light of the Second Circuit rulings on the purpose of liquidated damages.

## IV.    THE ORDER OVERLOOKED NYLL § 191(2)

The Order does not address NYLL § 191(2), which *Grant* ignored to invent a new standard: that delay in wage payment is not actionable as long as there is "an employment agreement" to a separate payment schedule from the one mandated by NYLL § 191.  *See Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 714-20 (2d Dep't 2024); *contra* NYLL § 191(2) ("[n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section"); *see also People v. Grass,* 257 A.D. 1, 3 (1st Dep't 1939) ("[c]ontracts in contravention of this provision of the Labor Law are illegal and void").

The Order rejected *Vega* and adopted *Grant*'s analysis that an employer could force an employee to accept payment at any interval, even monthly or yearly, and somehow never trigger the protections of NYLL § 191 and § 198.  Its hard to imagine the New York Court of Appeals rejecting *Vega* and adopting *Grant's* novel standard that delay in wage payment is not actionable as long as there is "an employment agreement" to a separate payment schedule from the one mandated by NYLL § 191.

Plaintiff respectfully requests that the Court reconsider its Order in light of the NYLL § 191(2) prohibition on required employment contracts that run contrary to NYLL.

## V.    THE ORDER MISCONSTRUED THE NYLL AMENDMENTS

The Order considered the 2021 statutory amendment to the NYLL but rejected it as a basis to conclude *Grant* was wrongly decided, noting that it was added to § 193 as well as § 198, and that only § 193 was the source of the obligation "to pay wages, benefits or wage supplements." *See* Dkt. No. 28 pgs. 19-20.  But that analysis is incorrect, as the "section" referred to in § 198 is the entirety of section 198 itself. "There is no exception to liability *under this section* for the unauthorized failure to pay wages, benefits or wage supplements." N.Y. Lab. L. § 198(3) (emphasis added).

The Order states:

"Plaintiff raises one final point that gives the Court some pause" which is the fact that the Court of Appeals has repeatedly stated that the attorney's fees remedy in § 198(1-a) "must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6. And it is [§ 191] that 'generally regulates the payment of wages by employers and creates reciprocal right of employees.'" *See* Dkt. 28 pg. 19.

The Order uses session notes from amendments to NYLL § 193 and § 198 to incorrectly suggest that § 193 is the only section concerning unauthorized failure to pay wages, benefits, and wage supplements and that therefore the holding in *Gottlieb v Kenneth D. Laub & Co*., 82 NY2d 457, 461 (1993) that NYLL § 191 regulates payment of wages by employers and creates reciprocal rights of employees is no longer valid. This is incorrect. It was originally understood that in order to state a claim for a violation of NYLL § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages.  *See Fersel v Paramount Med. Servs., P.C*., 18-cv-2488 (AMD)(RML), 2022 US Dist. LEXIS 195010, at *2 (EDNY Oct. 26, 2022)(Donnelly, J.).  The 2021 amendment to NYLL § 193 was done, in part, to "clarify that… the unauthorized failure to pay wages, benefits and wage supplements has always been encompassed by the prohibitions of section 193[.]". *See Id*. at *3. The amendment does not anywhere provide that NYLL § 191 does not also regulate the payment of wages by employers and create reciprocal rights of employees.

Accordingly, Plaintiff respectfully requests that the Court reconsider its Order that the amendments to NYLL provide a basis to find that no express private of action and implied private rights of action exists for Plaintiff's NYLL § 191 claim.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to reconsider the Order, and instead adopt *Vega*'s reasoning and conform to the clear edict of the New York State Legislature which has affirmatively stated that there is a private right of action for Plaintiff's NYLL § 191 claim.

10

Dated: Rochester, New York
       June 24, 2024

                                        Respectfully submitted,

                                        CORDELLO LAW PLLC

                                        /s/ Justin M. Cordello
                                        Justin M. Cordello, Esq.
                                        *Attorneys for Plaintiff*
                                        200 Anderson Avenue
                                        Rochester, New York 14607
                                        Telephone: (585) 967-7707

11

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2024, Plaintiff's Motion for Reconsideration, Affirmation of Justin M. Cordello with exhibits was filed electronically using the Court's CM/ECF system, which will send electronic notification to all registered users that have filed a notice of appearance in this case.

/s/ Justin M. Cordello
Justin M. Cordello