# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
BRITTNEY LEVY, MAURICE ROMALHO, and :
EMAD HAMID, individually and on behalf of all :
others similarly situated, :
                                                            :
                                                            :     MEMORANDUM & ORDER
                                          Plaintiffs, :
                                                            :     No. 1:21-cv-4387 (ENV) (JRC)
            -against- :
                                                            :
ENDEAVOR AIR INC., :
                                                            :
                                          Defendant. :
-------------------------------------------------------------- x

VITALIANO, D.J.

On October 22, 2022, this Court denied defendant Endeavor Air Inc.'s ("Endeavor")

motion to dismiss plaintiffs' putative class action complaint alleging that Endeavor failed to pay

their wages on a weekly basis as required by New York Labor Law ("NYLL") § 191. Order, Dkt.

24. As relevant here, the Court rejected defendant's contention that § 191 contains no private right

of action, either express or implied. *Id.* at 10–12. In so holding, the Court relied principally on a

decision of the Appellate Division, First Department in *Vega v. CM & Associates Construction*

*Management, LLC*, 175 App. Div. 3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), in which that

court held that NYLL "permits employees to seek liquidated damages for the untimely payment

of wages, even if wages are no longer past due." Order at 11. Thus, in accord with every other

court in this Circuit that had, at that time, considered whether § 191 provides a private right of

action, the Court applied *Vega* to find that it did.

On November 29, 2022, Endeavor sought amendment of the Court's Order pursuant to

Rule 5(a)(3) of the Federal Rules of Appellate Procedure and certification of the issue for

immediate interlocutory appeal to the Second Circuit pursuant to 28 U.S.C. § 1292(b), so that the

Second Circuit could then certify the question to the New York Court of Appeals. 1292(b) Mem., Dkt. 29, at 5–6.[1] While that motion remained pending, Endeavor filed a letter on March 7, 2024, requesting a pre-motion conference seeking leave to move for reconsideration in light of the Appellate Division, Second Department's January 2024 decision in *Grant v. Global Aircraft Dispatch, Inc.*, 223 App. Div. 3d 712, 204 N.Y.S.3d 117 (2d Dep't 2024). Dkt. 36, at 1. The Court construes the parties' pre-motion conference letters as a fully briefed motion for reconsideration. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011). For the reasons discussed below, Endeavor's (1) motion for reconsideration is denied, and (2) motion to amend and certify the October 22, 2022 Order for interlocutory appeal is denied.

## Discussion

As noted in the original Order, federal courts assessing an issue left open by the text of a state statute ordinarily turn to, *inter alia*, then-existing state decisional law. *See* Order at 10 (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020)). Then and now, the New York Court of Appeals had not answered the question of whether § 191 confers a private right of action upon employees.[2] Up until a few months ago, *Vega* was the only intermediate appellate decision to do so. *Id.* at 11. Indeed, at the time the subject Order was entered, every court in this Circuit had applied *Vega*'s holding to § 191. *Id.* (collecting cases). Now, armed with a competing decision from the Second Department, Endeavor seeks reconsideration and urges adoption of the Second Department's holding that there is neither an express nor implied private

---

[1] All citations to pages of the parties' briefing refer to the Electronic Case Filing System ("ECF") pagination.

[2] Section 191 provides that manual workers shall be paid on a weekly basis.

right of action for employees to sue for § 191 violations,[3] *see Grant*, 223 App. Div. 3d at 715, presumably misperceiving it as an intervening change in controlling law.

Endeavor's argument is anemic. With one exception,[4] every court within this Circuit that has confronted the split in appellate authority[5] has remained persuaded by *Vega*.[6] Consistent with the Court's reasoning in its original Order, post-*Grant* federal district courts have rejected the *Grant* holding that the absence of explicit reference to "late payments" in § 198—the enforcement mechanism for article 6 of NYLL—means that that section contains no express right of action for § 191 violations, reasoning instead that late payments *are* underpayments, and therefore § 198's language encompasses § 191 violations. Order at 7 ("[T]he delay in payment . . . necessarily means that plaintiffs were forced to wait to receive money that, as compared with when they should have received it, was, when they did receive it, worth less."); *Zachary*, 2024 WL 554174, at *7 (Section 198, which "authorizes employees to bring 'wage claims' for 'underpayment[s]' . . . includes the pay frequency requirements in Section 191." (alteration in original)); *Garcia*, 2024 WL 1142316, at *6 (same). Moreover, the plain language of § 191 conflicts with the *Grant* court's reading that "[s]ection 198's enforcement mechanism is not triggered when an employer and

---

[3] One *Grant* panelist filed a dissenting opinion, in which she agreed with the *Vega* holding. *See Grant*, 223 App. Div. 3d at 720–25 (Christopher, J., concurring in part and dissenting in part).

[4] *See Galante v. Watermark Servs. IV, LLC*, No. 23-cv-6227, 2024 WL 989704, at *7 (W.D.N.Y. Mar. 7, 2024).

[5] Where "there is 'an apparent split in authority among the Appellate Divisions,' a federal court . . . must predict 'how the Court of Appeals would rule.'" *Zachary v. BG Retail, LLC*, No. 22-cv-10521, 2024 WL 554174, at *5 (S.D.N.Y. Feb. 12, 2024) (quoting *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116–17 (2d Cir. 2000)).

[6] *See Zachary*, 2024 WL 554174, at *5–8; *Gamboa v. Regeneron Pharms., Inc.*, No. 22-cv-10605 (KMK), 2024 WL 815253, at *5 (S.D.N.Y. Feb. 27, 2024); *Garcia v. Skechers USA Retail, LLC*, No. 23-cv-1055 (PKC) (JAM), 2024 WL 1142316, at *6 (E.D.N.Y. Mar. 15, 2024); *Sarmiento, et al. v. Flagge Contracting Inc., et al.*, No. 22-cv-9718, 2024 WL 806137, at *1 (S.D.N.Y. Feb. 27, 2024); *Bazinett v. Pregis LLC*, No. 1:23-cv-790 (MAD/ML), 2024 WL 1116287, at *7 (N.D.N.Y. Mar. 14, 2024).

manual worker agree to a biweekly payment schedule." *Zachary*, 2024 WL 554174, at *8. Section 191(2) "provides that '[n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section.'" *Id.* Thus, "[a] judge's belief that a manual worker should be able to agree to a different payment schedule, and that such agreement should obviate an employer's liability for failing to comply with the law, does not override an overt legislative judgment to the contrary." *Id.*; *Garcia*, 2024 WL 1142316, at *6 (same).

The *Grant* holding is further undermined by the statute's legislative history, and courts within this Circuit find that history persuasive in declining to follow *Grant. See Zachary*, 2024 WL 554174, at *8. The 2010 amendments to § 198 "intend[] to allow employees 'to recover the full amount of any underpayments'"—an intention best served by recognizing that "money has a real time value," and thus a late payment is a qualifying underpayment. *Garcia*, 2024 WL 1142316, at *6 (quoting *Zachary*, 2024 WL 554174, at *8). Accordingly, the Court is persuaded that the New York Court of Appeals would adopt *Vega*'s holding that §§ 191 and 198 expressly confer upon employees a private right of action.[7]

Nor does the Court find it appropriate to certify its decision for interlocutory appeal to the Second Circuit for the avowed purpose of seeking certification to the New York Court of Appeals of the question as to whether § 191 creates a private right of action for workers claiming injury for

---

[7] With respect to an implied private right of action, *Grant*'s reliance on a post-*Vega* decision of New York's high court, *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38, 185 N.E.3d 483 (2022), to support the contrary conclusion is unconvincing. Indeed, "several district courts within this Circuit have already analyzed this issue [before *Grant* was decided] and have all concurred that *Konkur* does not affect the core holding of *Vega*." *Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-4313 (JS) (ST), 2022 WL 17553319, at *5 (E.D.N.Y. Dec. 9, 2022); *see also Zachary*, 2024 WL 554174, at *8. *Grant*'s reliance on *Konkur*, therefore, does not undermine the foundation on which federal courts in this Circuit have concluded that the view on New York law as held in *Vega* is the view most likely to be adopted by the New York Court of Appeals should it confront the issue. *See* Order at 11 (quoting *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010)).

4

its violation. The propriety of certification of the interlocutory appeal is appended to the propriety of any certification by the Circuit to the New York Court of Appeals of the question regarding whether § 191 creates a private right of action. Despite the split between the less-than-convincing holding of the Second Department and that of the First Department, one would be hard pressed to say that there is "substantial ground for difference of opinion,"[8] where the weight of authority leans almost unanimously in favor of the existence of a private right of action under § 191. Following a well-reasoned analysis, another district judge who had similarly found that § 191 creates a private right of action denied a pending request to certify his finding for interlocutory appeal. Transcript of March 13, 2024 Conference, *Zachary v. BG Retail, LLC*, No. 22-cv-10521 (VB) (S.D.N.Y. Mar. 13, 2024) (Briccetti, J.). Accordingly, reconsideration and/or certification of the Court's prior Order in this action is denied.

## Conclusion

For the foregoing reasons, both Endeavor's motion to amend and certify the Court's October 22, 2022 Order, and Endeavor's motion for reconsideration in light of *Grant*, are denied.

The parties are directed to contact United States Magistrate Judge James R. Cho to set a conference for further pretrial management of this case.

So Ordered.

Dated: Brooklyn, New York
March 25, 2024

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

[8] Section 1292(b) empowers a district court with discretion to certify an otherwise non-appealable order to the Court of Appeals where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

5