UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KAILEE GALANTE,
*on behalf of herself all others similarly situated,*

                *Plaintiff,*

v.

WATERMARK SERVICES IV, LLC,

                *Defendant.*

No.: 23 Civ. 6227 FPG-MWP

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION**

CORDELLO LAW PLLC

Justin M. Cordello
200 Anderson Avenue
Rochester, New York 14607
Telephone: (585) 967-7707

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**..................................................................................................i

**PRELIMINARY STATEMENT** ........................................................................................ 1

**ARGUMENT** ........................................................................................................................ 2

    I.    **Reconsideration Warranted Based On Intervening Legislative Actions** …………….2

    II.    **Reconsideration Warranted Based On Errors**…………......................................4

        1.  *Konkur* **& No Wage Theft Loophole Act Error**……………………………………4

        2.  **NYLL § 191(2) Error**……………………………………………………………...5

        3.  **FLSA & NYLL Liquidated Damages Error**……………………………………..7

    III.  **The Court Of Appeals Will Not Be Swayed By Enforcement By The NYSDOL**……..9

**CONCLUSION**……………………………………………………………………………..10

# **TABLE OF AUTHORITIES**

CASES

*Bazinett v. Pregis* LLC,
No. 1:23-CV-790 (MAD/ML), 2024 WL 1116287, at *7 (N.D.N.Y. Mar. 14, 2024)……………….4

*Biggs v. Wilson*,
1 F. 3d 1537, 1541 (9th Cir. 1993)…………………………………………………………..7, 8

*Brooklyn Sav. Bank v. O'Neil*,
324 U.S. 697……………………………………………………………………………………7, 8

*Davis v. Banana Republic LLC*,
No. 21-CV-6160 (KAM) (VMS), 2023 WL 5969597, at *7 (E.D.N.Y. Sept. 14, 2023)……………4

*Erie R. Co. v. Williams*,
233 U.S. 685 (1914)……………………………………………………………………………5

*Espinal et al, v. Sephora USA, Inc.*
No. 22-cv-3034, 2024 U.S. Dist. LEXIS 135372 at *21-22 (S.D.N.Y. July 31, 2024)……………..3

*Gottlieb v. Kenneth D. Laub & Co.,*
82 N.Y.2d 457 (1993)…………………………………………………………………………...4

*Grant v. Global Aircraft Dispatch, Inc.*,
223 A.D.3d 712 (2d Dep't 2024)………...………………………………………………….passim

*In re Wright Metal*,
257 A.D. 453 (4th Dept. 1939)……………………………………………………………………5

*Konkur v. Utica Academy of Science Charter School*,
38 N.Y.3d 38, (2022)…….…………………………………………………………..passim

*Mabe v. Walmart Assoc., Inc.*,
No. 20 Civ. 591 (TJM) (CFH), ECF No. 25, pg. 7 (N.D.N.Y. May 12, 2021)……………………...4

*Martin v. United States*,
117 Fed. Cl. 611 (2014)………………………………………………………………………...7

*New York Cent. & H.R.R. Co. v. Williams*,
64 Misc. 15, 29 (Sup. Ct. 1909)………………………………………………………………..5

*People v. Grass*,
257 A.D. 1, 3-4 (1st Dep't 1939)……………………………………………………………….5

*Rana v. Islam*,
887 F.3d at 118 (2d Cir. 2018)……...……………………………………………………..7, 8

*Rigopoulos v. Kervan*,
140 F.2d 506 (2d Cir. 1943)………………………………………………………………….8

*United States v. Klinghoffer Bros. Realty Corp.*,
285 F.2d 487 (2d Cir. 1960)………………………………………………………………...8

*Vega v. CM & Assoc. Constr. Mgmt., LLC*,
175 A.D. 1144 (1st Dept. 2019)..............................................................................................passim

*Watson v. Prentice-Hall, Inc.*,
50 A.D.2d 1077 (4th Dep't 1975)………………………………...…………………..............5

*Zachary v. BG Retail, LLC*,
2024 WL 554174, 22 CV 10521 (VB)(S.D.N.Y. Feb. 12, 2024)….…………………………passim

STATUTES

NYLL § 191(1)(a)……………………………………………………………………………passim

NYLL § 198…………………………………………………………………………………...passim

OTHER AUTHORITIES

Adopted Budget Report – April 19, 2024 FY 2025 Adopted Budget Report.docx (nysenate.gov)...3

Governor Budget Memorandum,  www.budget.ny.gov/pubs/archive/fy25/ex/artvii/elfa-bill.pdf.....2

New York State Department of Labor Opinion Letters RO-07-0092; RO-08-0094; RO-07-0030…9

**PRELIMINARY STATEMENT**

There are two separate bases that warrant reconsideration of this Court's Order dated March 7, 2024 Dkt. No. 28 ("Order"), dismissing Plaintiff's NYLL §191 claims and endorsing *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024).

First, there is now contrary persuasive authority and data from both the New York State Legislature and seven of this Court's sisters' courts that did not exist at the time the Order was issued. Specifically, the Legislature refused to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly which is indicative of how the Court of Appeals would decide. Further the weight of case law has failed to adopt *Grant* and instead found there is a private right of action for violations of NYLL § 191(1)(a) based upon *Vega v. CM & Assoc. Const. Mgt., LLC,* 175 A.D. 1144 (1st Dept. 2019) highly suggestive of how the Court of Appeals will decide.

Second, respectfully, the Order overlooked statutory history and precedent and Defendant's attempt to explain these errors in the Order's adoption of *Grant* is not persuasive.

For instance, the Order held that the "No Wage Theft Loophole Act" abrogated this aspect of *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38, (2022), because it was enacted after the *Konkur* decision. However, *Konkur* was decided approximately six months following the "No Wage Theft Loophole Act." Accordingly, the Order's reasoning that *Konkur's* language is outdated was made in error..

Moreover, the Order erred in adopting the flawed analysis in *Grant's* reasoning creating a new legal standard that a delay in wage payment is not actionable as long as there is "an employment agreement" to a separate payment schedule from the one mandated by NYLL § 191. *See Grant*, 2024 WL 172900, at *4. This conclusion is contrary to the plain language of the NYLL and New York precedent. *See* NYLL § 191(2).

1

Finally, the Order adopts the errors in *Grant* that the New York Court of Appeals would find the Fair Labor Standards Act ("FLSA") and NYLL liquidated damages serve different purposes. Defendant is unable to identify why the New York Court of Appeals for the first time would give a substantially narrower reading to the availability of liquidated damages than the Supreme Court gave to the FLSA.

Respectfully, Plaintiff asks the Court to reconsider its Order, and adopt *Vega's* reasoning as indicative of how the New York Court of Appeals will rule.

**ARGUMENT**

**I.      Reconsideration Warranted Based On Intervening Legislative Actions**

Since the Order was issued New York State Governor Kathleen Hochul's repeated attempts to eliminate liquidated damages under NYLL § 191 were rejected by the New York State Legislature. Accordingly, a motion for reconsideration is warranted to revisit the Order where it was until only 17 days ago the first and the only Federal court to adopt *Grant*.

As detailed below, Defendant initially raised the issue of the Governor's proposed legislation as evidence as to how the New York Court of Appeals would decide.

> D. The Governor Has Recognized Vega Was Incorrectly Decided and Not A Reflection of New York "Precedent"
>
> As noted above, on January 16, 2024, Governor Kathy Hochul announced her Executive Budget Proposal for the 2025 Fiscal Year (the "Proposed Legislation"). In the Proposed Legislation, the Governor proposed an amendment to Section 198, providing that "liquidated damages shall not be applicable to violations of paragraph a of subdivision one of section one hundred ninety-one of this article where the employee was paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly." *See* www.budget.ny.gov/pubs/archive/fy25/ex/artvii/elfa-bill.pdf (Part K). As such, not only would the Proposed Legislation prohibit a private right of action to recover liquidated damages for frequency of pay claims, but it would also provide employers approval to pay manual workers on an agreed upon schedule not less than semi-monthly, as an exception to Section 191.  *See* Dkt. No. 25 pg. 18

2

Now Defendant seeks to distance itself from the Governor's rejected proposals and argues that proposed amendments have no legal weight or significance and ignores the fact the New York Legislature rejected the twice proposed amendments as detailed below:

> ADOPTED BUDGET REPORT – APRIL 19, 2024
>
> Part K - The Adopted Budget intentionally omits the Executive proposal to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly, as currently required under Labor Law.
> *See* Dkt. No. 44 - 4 pg. 45.

This is not a case of a mere pending legislative proposal or legislative inaction as Defendant argues rather this is an on-point rejection by the New York Legislature of *Grant* and the Order adopting *Grant*. Plaintiff respectfully requests that the Court take judicial notice of the Legislature's refusal to adopt the Governor's repeated proposal to change NYLL §191 as strong indication of what the New York Court of Appeals is likely to do.

Defendant is left to rely on the only other Federal Court to adopt *Grant*, *Espinal et al, v. Sephora USA, Inc.* No. 22-cv-3034, 2024 U.S. Dist. LEXIS 135372 at *21-22 (S.D.N.Y. July 31, 2024). The *Espinal* decision is likely to be subject to objections and further briefing before it can be adopted by the District Judge and remains the only decision besides the Order to adopt *Grant*. Plaintiff maintains the New York Legislature's rejection of attempts to eliminate liquidated damages for NYLL §191 claims better reflects how the New York Court of Appeals would decide the issue.

The criticism towards *Vega*'s holding cited by Defendant is not indicative of how the New York Court of Appeals will decide. "A judge's belief that a manual worker should be able to agree to a different payment schedule, and that such agreement should obviate an employer's liability for failing to comply with the law, does not override an overt legislative judgment to the contrary." *Zachary*, 2024 WL 554174, at *8. "As the dissent explained in Grant, numerous federal district courts have already grappled with *Konkur's* impact on *Vega*." *See Bazinett v. Pregis* LLC, No. 1:23-

3

CV-790 (MAD/ML), 2024 WL 1116287, at *7 (N.D.N.Y. Mar. 14, 2024) (*citing Grant*, 204 N.Y.S.3d at 124–25 (collecting cases)). "Multiple courts within the Second Circuit have recognized that *Konkur* does not constitute 'persuasive evidence' that the New York Court of Appeals would reject *Vega's* reasoning, as *Konkur* 'considered a different section' of New York Labor Law than *Vega*." *Davis v. Banana Republic LLC*, No. 21-CV-6160 (KAM) (VMS), 2023 WL 5969597, at *7 (E.D.N.Y. Sept. 14, 2023) (collecting cases); *see also Mabe v. Walmart Assoc., Inc.*, No. 20 Civ. 591 (TJM) (CFH) 2022 WL 874311, at * 7 (N.D.N.Y. May 12, 2021). Thus, this would have no impact on the New York Court of Appeals' decision.

## II.   Reconsideration Warranted Based On Errors

Respectfully, the Order overlooked three key aspects of the law.

### 1.   *Konkur* & No Wage Theft Loophole Act Error

First, an important part of Order's holding suffers from a significant mistake. The Order stated

> "[p]laintiff raises one final point that gives the Court some pause. The Court of Appeals has repeatedly stated that the attorney's fees remedy in § 198(1-a) "must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6. And it is [NYLL § 191] that 'generally regulates the payment of wages by employers and creates reciprocal rights of employees.'" *See* Order at *19 *citing Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38, 43–44 (2022); *Gottlieb v. Kenneth D. Laub & Co.,*, 82 N.Y.2d 457, 459 (1993)).

The Order held that the "No Wage Theft Loophole Act" abrogated this aspect of *Konkur*, because it was enacted after the *Konkur* decision. *See id.* In fact, *Konkur* was decided approximately six months following the "No Wage Theft Loophole Act." *Compare Konkur*, 38 N.Y. 3d at 43-44 (decided Feb. 10, 2022); 2021 N.Y. Sess. Laws, ch. 397, §§ 3, 4 (enacted Aug. 19, 2021). The Order relied on this error to find that NYLL §198(1-a) does not provide an express private right of action for violations of §191(1)(a).   Accordingly, the Order's reasoning that *Konkur's* language is outdated

4

was made in error.

For context, in *Gottlieb* the Court of Appeals plainly stated that NYLL § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees." *See* 82 N.Y.2d 457, 461 (1993). This position was reiterated by the Court of Appeals in *Konkur*, which was decided after the "No Wage Theft Loophole Act" was passed. *See* 38 N.Y. at 38 ("it is Labor Law § 191 that generally regulates payment of wages by employers and creates reciprocal rights of employees) (internal quotations omitted). The Court of Appeals also commented in *Patcher v. Bernard Hodes Grp., Inc.* that employees that "do not fall under [NYLL § 191}…are not entitled to statutory attorney's fees under section 198(1–a)…because the plaintiff in *Gottlieb* had not alleged that he was protected by [NYLL § 191] he was presumptively "excluded from wage enforcement protection" under Article 6. *See* 10 N.Y. 3d 609, 616 (2008).  The tying together of these statutes by the Court of Appeals could not be clearer. *See Vega*, 175 A.D. 3d at 1144 (citing *Patcher* and *Gottlieb* to determine that the remedy for a violation of NYLL § 191 is found in NYLL § 198).  Defendant can't justify the *Konkur* and Wage Theft Loop Hole Act error and instead agues Plaintiff is wrong and frivolous.  *See D. Br*. at 6.  This error in the Order warrants reconsideration especially given the Court expressed hesitation in the part of the analysis of whether there is a express private right of action for violation of NYLL § 191.

  2. NYLL § 191(2) Error

Second, the Order adopted the errors in *Grant's* reasoning that invented a new legal standard which states that a delay in wage payment is not actionable as long as there is "an employment agreement" to a separate payment schedule from the one mandated by NYLL § 191. *See Grant*, 2024 WL 172900, at *4.   Defendant is unable to cite any persuasive authority to justify this error and instead argues in a footnote that pay frequency violations should be dealt with by the Commissioner of Labor or criminal prosecution.

5

*Grant's* new legal standard runs counter to NYLL § 191(2), which plainly states that employees cannot be forced to "accept wages at periods other than as provided in this section." In other words, employees cannot, as *Grant* suggests, agree to accept a different regular payday than the one required by the NYLL. *See, e.g.*, *Watson v. Prentice-Hall, Inc.*, 50 A.D.2d 1077, 1077 (4th Dep't 1975) ("Contracts or contractual provisions in violation of section 191 and its predecessor concerning the frequency with which employers must pay the wages earned by employees are void."); *In re Wright Metal*, 257 A.D. 453, 456 (4th Dept. 1939) ("That practice [of agreeing to waive the weekly payment of wages] is forbidden by Section 196[.]"), aff'd as modified, 283 N.Y. 47 (1940); *People v. Grass*, 257 A.D. 1, 3-4 (1st Dep't 1939) ("Contracts in contravention of this provision of the Labor Law are illegal and void."); *accord New York Cent. & H.R.R. Co. v. Williams*, 64 Misc. 15, 29 (Sup. Ct. 1909) ("But the fact that both parties are of full age and competent to contract does not necessarily deprive the state of the power to interfere where the parties do not stand upon an equality, or where the public health demands that one party to the contract shall be protected against himself."), aff'd, 136 A.D. 904 (3d Dept. 1909), aff'd, 199 N.Y. 108 (1910), *aff'd sub nom*, *Erie R. Co. v. Williams*, 233 U.S. 685 (1914) (upholding constitutionality of Section 191's predecessor). "[T]he plain language of Section 191 discredits the Grant court's view that Section 198's enforcement mechanism is not triggered when an employer and manual worker agree to a biweekly payment schedule." *See Zachary v. BG Retail LLC,* 2024 WL 554174 at *8 (S.D.N.Y. Feb. 12, 2024).

*Grant's* new legal standard would lead to illogical and unjust results as previously detailed in Plaintiff's Brief In Opposition to the Motion to Dismiss. *See* Dkt. No. 17 pgs. 16-17 (examples where employees are not paid wages in a timely fashion and do not have a private right of action to pursue their claims). *Grant's* unstated ruling is that the delay in payment of wages should be forgiven however this forgiveness is not supported by the statutory text, legislative history and statutory

6

history. The Order's adoption of *Grant's* holding allowing for employment agreements to violate the NYLL is flawed.

The New York legislature's intent that employers not be allowed to contract away NYLL § 191's provisions could not be clearer and is indicative as to how the New York Court of Appeals will decide.

### 3. FLSA & NYLL Liquidated Damages Error

Third, the Order adopts *Grant* flawed analysis that liquidated damages under the NYLL are to be more narrowly construed than under the FLSA. Again, Defendant is unable to cite any persuasive authority to justify this error that this beyond a footnote that the NYLL and FLSA have different mechanisms for waiving claims.

The Second Circuit clearly articulated that both the FLSA and NYLL liquidated damages provisions were "designed "to deter wage-and-hour violations in a manner calculated to compensate the party harmed." *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). Moreover, the Second Circuit stated that it was "clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA." *See id.* (citing Bill Jacket, 2009 A.B. 6963, ch. 372, at 6) (expressing the bill sponsor's intent to "conform New York law to the Fair Labor Standards Act"). Similarly, the Supreme Court has made it clear that the purpose of the liquidated damages under the FLSA is to compensate an employee for the delay of receiving their proper wages when they are due. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707; *see also Biggs v. Wilson*, 1 F. 3d 1537, 1541 (9th Cir. 1993) ("an employer violates the [FLSA] if payments are late"); *Martin v. United States*, 117 Fed. Cl. 611, 621 (2014) (The FLSA requires—and the Supreme Court has recognized approvingly—that an employee receive on time payment for work performed"). It is not the length of delay that is determinative, but merely that an employee was denied their wages when they were due. *See Biggs v. Wilson*, 1. F. 3d at 1542 ("[Brooklyn Savings Bank] did not rest its

7

holding on the length of delay… long versus short [delay] strikes us as an unworkable standard").

Even before *Brooklyn Sav. Bank*, the Second Circuit consistently held that when liability attaches for the delayed payment of wages under the FLSA, so too does a claim for liquidated damages. *See Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir. 1943); *accord United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960) (deferred payment of wages plan did not comply with FLSA's prompt payment requirement). In *Rigopoulos*, the Second Circuit held that late payment of wages does not, by itself, eliminate the claim for liquidated damages. *Id.* ("This is a single and entire liability. It is not discharged in toto by paying one-half of it."). Moreover, *Brooklyn Sav. Bank* emanates from New York court decisions. *Brooklyn Sav. Bank*, 324 U.S. at 701 (procedural history). The Supreme Court considered the NYLL's timely payment requirement in holding that "double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being." *Brooklyn Sav. Bank*, 324 U.S. at 709 n. 20.

The principles of *Rana* and *Brooklyn Savings Bank* work in concert to show why a private right of action exists for violations of NYLL § 191 based on the set schedule by which manual workers must be paid. That an employer eventually pays their owed wages does not extinguish these rights for the same reason an employer cannot eventually pay an employee unlawfully withheld overtime to avoid paying wages, liquidated damages, attorney's fees, and interest. Certainly, allowing Defendant to escape liability under the NYLL for untimely pay, where the same set of actions invokes the protections of the FLSA's liquidated damages provisions would be inconsistent with Supreme Court and Second Circuit precedent and no indicative on how the New York Court of Appeals would rule. Accordingly, it is clear that *Vega* was correct to interpret the NYLL in concert with the FLSA, and it is apparent the Court of Appeals is likely to do the same.

### III. The Court Of Appeals Will Not Be Swayed By Enforcement By The NYSDOL

Defendant seizes on the Order's discussion of enforcement by the New York State Department of Labor ("DOL") as aiding in its holding that a private right of action does not exist for § 191 violations.

However, practically speaking the DOL has not always defaulted to statutory awards or considerations that § 191 violations are non-wage claims. There are examples where the DOL informed an employer that: "[w]hen employers fail to pay their employees on a timely basis they subject themselves to paying the employee damages in addition to wages...if your research shows that the main part of this claim has already been paid, but it was paid more than seven days after the pay period in question, then the 50% [liquidated] damages are still due." *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-08-0094 attached as Exhibit A[1] ("manual workers must be paid weekly, and not later than seven calendar days after the end of the week that wages are earned…it is the [DOL]'s interpretation of [NYLL § 191] that all wages, including overtime pay, are earned immediately upon the employee's rendering of services and the payment of such wages is required"); N.Y. Dep't of Labor Counsel Opinion Letter RO-07-0092 attached as Exhibit A ("an employer who fails to pay a manual worker's wages, minimum or otherwise, withing the time frame set by [NYLL § 191] is in violation of that Statute"); N.Y. Dep't of Labor Counsel Opinion Letter RO- 07-0030 attached as Exhibit A ("[employees] must be paid their wages within the time periods set forth in [NYLL § 191]").

Given the lack of robust enforcement by the NYDOL of § 191 claims the New York Court of Appeals is unlikely to reject *Vega*.

---

[1] Exhibit A is attached to the Affirmation of Justin M. Cordello, Esq, sworn to August 15, 2024.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration should be granted.

Dated: August 15, 2024
      Rochester, New York

      Respectfully submitted,

      CORDELLO LAW PLLC

      /s/ Justin M. Cordello
      Justin M. Cordello, Esq.
      *Attorneys for Plaintiff*
      200 Anderson Avenue
      Rochester, New York 14607
      Telephone: (585) 967-7707

## CERTIFICATE OF SERVICE

I certify that on August 15, 2024, Plaintiff's Memorandum in Law in Further Support of her Motion for Reconsideration and Affirmation of Justin M. Cordello with exhibit was filed electronically using the Court's CM/ECF system, which will send electronic notification to all registered users that have filed a notice of appearance in this case.

/s/ Justin M. Cordello<br>
Justin M. Cordello